**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 13-1799
———————

LAUDIS SADABI LEMUS RETANA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
———————————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-779-404)
Immigration Judge:  Honorable Mirlande Tadal
———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 9, 2013
Before:  SMITH, GREENAWAY, JR. and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 12, 2013)
———————

OPINION
———————

PER CURIAM

Laudis Sadabi Lemus Retana, a native and citizen of Guatemala, petitions for review of

an order of the Board of Immigration Appeals ("BIA") denying his motion for reconsideration.

For the reasons that follow, we will deny the petition for review.

I.

After illegally entering the United States, Lemus Retana was served with a Notice to Appear charging him with being removable as an alien present in the United States without being admitted or paroled. (A.R. 361.) He conceded removability but sought cancellation of removal. He asserted that he was physically present in the United States for a continuous period of ten years and that his qualifying relatives (his United States citizen wife and daughter) would suffer exceptional and extremely unusual hardship if he were removed. See 8 U.S.C. § 1229b(b)(1).

The Immigration Judge ("IJ") found that Lemus Retana failed to show the requisite hardship because his wife and daughter were healthy, would remain in the United States if he were removed, and would be financially secure because his wife was employed. (A.R. 83.) Lemus Retana's cancellation of removal application was, therefore, denied. He appealed to the BIA, arguing that he had established continuous presence and that his qualifying relatives would suffer exceptional and extremely unusual hardship upon his removal.[1] (A.R. 44-51.)

The BIA dismissed his appeal, affirming the IJ's dispositive finding that Lemus Retana failed to establish exceptional and extremely unusual hardship. (A.R. 17.) Lemus Retana then filed a motion for reconsideration solely pertaining to that issue. (A.R. 9-14.) The BIA denied reconsideration (A.R. 3) and Lemus Retana timely petitioned for review.

---

[1] Because there were several discrepancies in the dates Lemus Retana provided regarding his entry into the United States, the IJ also found that he "failed to establish that he continuously resided in the U.S. during the requisite period." (A.R. 103.) Lemus Retana raised the issue of continuous physical presence on appeal to the BIA, but the BIA did not consider it, given that his failure to establish the requisite hardship was dispositive. (A.R. 17.)

II.

The Government argues that Lemus Retana waived any challenge to the BIA's denial of his motion for reconsideration because he does not mention it at all in his brief. (Resp't Br., p. 7.) It is true that Lemus Retana's arguments pertain only to the BIA's opinion dismissing his appeal and the IJ's credibility determinations. (Pet'r's Br., pp. 2, 14.) We only have jurisdiction to review the BIA's denial of his motion for reconsideration, because that is the only decision from which he filed a timely petition for review.[2] See 8 U.S.C. §§ 1252(a) and (b)(1); Stone v. INS, 514 U.S. 386, 405 (1995); McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006). Lemus Retana's arguments are irrelevant to the issue that is properly before us, that is, whether the BIA abused its discretion in denying his motion for reconsideration.

The BIA denied Lemus Retana's motion for reconsideration because he did not present new legal arguments or point out specific errors of fact or law in its decision dismissing his appeal. See 8 C.F.R. 1003.2(b)(1). Indeed, the record reflects that Lemus Retana's motion for reconsideration merely repeated arguments that he previously made on appeal. (A.R. 9-14; 48-51.) Thus, we conclude that the BIA did not abuse its discretion in denying Lemus Retana's motion for reconsideration.

III.

For the foregoing reasons, we will deny Lemus Retana's petition for review.

_____

[2] We apply the abuse of discretion standard to our review, and will disturb the BIA's denial of a motion to reconsider only if it was "arbitrary, irrational, or contrary to law." Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).